**Electronically Filed
Intermediate Court of Appeals
30676
30-MAR-2011
08:00 AM**

NO. 30676

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF AU, MI

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00049)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Appellant-Mother (**Mother**) appeals from the Orders Concerning Child Protective Act (**Order**), filed on July 20, 2010, in the Family Court of the First Circuit (**Family Court**).[1] In the Order, the Family Court, among other things, granted Department of Human Services's (**DHS's**) petition to place Mother's children, AU[2] and MI (collectively, **Children**), in temporary foster custody and granted DHS and Children's guardian ad litem the discretion to allow Mother and Children's father (**Father**) to have supervised or unsupervised visitation with Children.

On appeal, Mother argues that the Family Court erroneously granted DHS's petition for foster custody of Children because the evidence did not establish that there was reasonable cause to believe that foster custody was necessary to protect the

---

[1] The Honorable Christine E. Kuriyama presided.

[2] AU was previously known as, and is sometimes referred to as, AH.

Children from imminent harm. Mother also argues that even if AU was threatened with imminent harm while in Mother's care, there was no evidence that MI was similarly endangered.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

Mother does not challenge any part of the Family Court's Findings of Fact and Conclusions of Law entered on September 23, 2010. The Family Court found, *inter alia*, that: (1) on April 20, 2010, AU (then age three and one-half) was found by the Honolulu Police Department (**HPD**) wandering in the street without adult supervision; (2) a neighbor reported that this was the "sixth time" that AU was observed wandering around without supervision; (3) a DHS crisis worker located Mother and returned AU to Mother's custody; (4) on the next day, April 21, 2010, DHS received another call reporting AU was wandering alone outside her residence and HPD again found her and returned her home; (5) on April 21, 2010, Social Worker Robert Asato visited the home unannounced and assessed it as totally unkempt, in disarray, and posing safety concerns for Children, and reported that Mother presented to be mentally unstable; (6) in 2002, 2003 and 2004, DHS received reports of physical neglect, and confirmed threats of abuse and neglect, of two children previously born to Mother, which ultimately resulted in termination of parental rights when Mother failed to engage in services; (7) the Children had not received adequate medical and dental attention while in Mother and Father's care (e.g., AU needed major dental work on the majority of her teeth and MI (age < 1 year old) was sick with fever and diarrhea when removed from his parents' care and required "several trips" to the emergency room for treatment) and AU exhibited developmental delays; and (8) Mother and Father

subjected the Children to inadequate supervision and threatened harm.

Based on the evidence presented, the Family Court reasonably concluded that the children faced imminent harm, pursuant to Hawaii Revised Statutes §§ 587-53(f) and 587-2 and other relevant parts of Hawai'i's Child Protective Act.

Accordingly, the Family Court's July 20, 2010 Order is affirmed.

DATED:   Honolulu, Hawai'i, March 30, 2011.

On the briefs:

Herbert Y. Hamada
for Appellant-Mother

Jay K. Goss
Mary Anne Magnier
Deputy Attorneys General
for Appellee Department of
   Human Services

Chief Judge

Associate Judge

Associate Judge